UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TODD ROBERT HOYTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-11368-DJC |
| ) | |
| **COMMONWEALTH,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                       August 15, 2013

For the reasons set forth below, the motion for appointment of counsel is denied. If Hoyte wishes to file a civil complaint, he will be provided additional time to file a complaint accompanied by an Application to Proceed Without Prepaying Fees and a certified copy of his prison account statement.

### BACKGROUND

This matter comes before the Court on the Plaintiff's Motion for Appointment of Counsel. D. #1 ("Motion"). Todd Robert Hoyte, Sr. ("Hoyte"), an inmate incarcerated at M.C.I. Shirley, has not filed a civil complaint. Hoyte did not pay the filing fee for filing a civil complaint and has not filed an Application to Proceed In District Court Without Prepaying Fees. In his Motion, Hoyte simply states that he seeks appointment of counsel "to challenge a law by Mass SJC."

In the accompanying two-page affidavit, Hoyte explains that twenty-five years ago, when he was eighteen, he was charged with statutory rape. On the advice of appointed counsel, he pled guilty. Hoyte states that he was "cornerd (sic) into a plea" and that his attorney failed to arrange a mental health evaluation. Hoyte complains that now he suffers the consequences of having to

register as a sex offender. Hoyte avers that he wishes "to challenge the ruling of Mass SJC to the fact [that Hoyte] committed one consentual (sic) sex crime at a young age and many years before the registry law."

## DISCUSSION

Hoyte cannot initiate a civil action by filing a motion for appointment of counsel. In order to commence a civil action in this Court, a plaintiff must file a complaint. Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court"). The complaint must contain a "short and plain statement" (1) of the grounds for the court's jurisdiction and (2) of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id. To the extent that Hoyte seeks to assert a civil rights claim under Article I, § 10 of the U. S. Constitution that prohibits states from passing any laws that "retroactively alter the definition of crimes," Collins v. Youngblood, 497 U.S. 37, 41 (1990), he should be aware that the Supreme Court has held that the Alaska's sex offender registry law did not violate the Ex Post Facto Clause, because the non-punitive act "[made] a valid regulatory program effective and [did] not impose punitive restraints in violation of the *Ex Post Facto* Clause." Smith v. Doe, 538 U.S. 84, 102 (2003).

Hoyte is advised that if he still wishes to file a civil complaint, he will be granted additional time to do so. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); Instituto de Educacion Universal Corp. v. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

A party filing a civil complaint must either (1) pay the $350.00 filing fee and the $50.00 administrative fee;[1] or (2) submit an Application to Proceed in District Court Without Prepaying Fees or Costs. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status.

If Hoyte decides to file a civil complaint and files an Application to Proceed in District Court Without Prepaying Fees or Costs, the Court will direct the appropriate prison official to withdraw an initial partial filing fee payment from the plaintiff's prison account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee. See McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

## ORDER

Accordingly, it is hereby ORDERED that:

1) The motion for appointment of counsel is denied;

2) If Plaintiff wishes to proceed with this action, he must, within 42 days of the date of this Memorandum and Order, file a civil complaint accompanied by either the applicable filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs with a certified copy of his prison account statement; and

3) The Clerk shall mail Hoyte a blank Application to Proceed in District Court Without Prepaying Fees or Costs and a Step-by-Step Guide to Filing a Civil Action.

**SO ORDERED.**

---

[1] The $50.00 administrative fee became effective May 1, 2013, and does not apply to persons proceeding in forma pauperis. See Judicial Conference Fee Schedule.

                           /s/ Denise J. Casper  
                           Denise J. Casper  
                           United States District Judge